UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:17-CR-0034-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| WENDELL CASSADA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Wendell Cassada's Second Motion for

Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A).  [R. 54.]  Mr. Cassada, an inmate

housed at FCC Forest City Low, seeks relief citing concerns with the Covid-19 pandemic.  For

the reasons that follow, Mr. Cassada's Motion for Compassionate Release is **DENIED**.

**I**

On August 28, 2017, Mr. Cassada entered a guilty plea to one count of conspiracy to

distribute methamphetamine and one count of possession of a firearm in furtherance of a drug

trafficking offense.  [R. 23.]  He was sentenced by this Court on January 3, 2018 to a total of 180

months.  [R. 33.]  He appealed his sentence [R. 34] and the Sixth Circuit affirmed the District

Court's judgment [R. 50].

On April 16, 2020, Mr. Cassada filed a Motion for Compassionate Release under 18

U.S.C. § 3582(c)(1)(A), representing that his medical conditions including high blood pressure,

COPD, and pulmonary embolism, coupled with the difficulties of social distancing at FCC

Forest City Low placed him at a high risk of contracting Covid-19.  [R. 52.]  This Court denied

the motion based on Defendant's failure to exhaust his administrative remedies.  [R. 53.]  On

August 14, Mr. Cassada filed a Notice to Clarify his Motion for Compassionate Release, which

the Court construed as a Motion for Reconsideration of the Court's denial of compassionate

release.  [R. 54; R. 55.]  As grounds for his motion, Mr. Cassada states his same arguments as in

his previous motion but included a copy of his documentation to the Warden of FCC Forest City

Low requesting compassionate release.  [R. 54.]  Since it was unclear what specific

administrative process Mr. Cassada has undergone thus far with the Bureau of Prisons (BOP),

the Court ordered the United States to gather such information from the BOP and respond to Mr.

Cassada's motion.  [R. 55.]  The United States filed their response opposing Mr. Cassada's

motion for several reasons.  [R. 56.]

## II

### A

A compassionate release reduction must first be sought through the Bureau of Prisons.

18 U.S.C. § 3582(c)(1)(A).  The First Step Act of 2018 modified this provision, now allowing a

defendant to move for such a reduction, where previously only the Bureau of Prisons could do

so.  Pub. L. No. 115-391, § 603(b)(1).  But a defendant must first demonstrate that he has "fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

The Court reads the "lapse of 30 days" avenue within the statute as a futility provision.

*United States v. Haas*, No. 6:17-CR-00037-GFVT-HAI-1, 2020 WL 4593206, at *4 (E.D. Ky.

Aug. 7, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  Under this interpretation, a defendant can

demonstrate administrative exhaustion only where the warden fails to respond within 30 days of

the initial request.  *Id.*  If, however, a defendant's initial request is denied within 30 days of the

warden's receipt of the request, the defendant must exhaust the administrative appeals process

before petitioning the court for relief.  *Haas*, 2020 WL 4593206, at *4.

The administrative remedy within the BOP provides for an appeals process whereby,

upon denial by the Warden, an inmate can seek review that ultimately goes through the BOP

General Counsel's Office, which issues the final administrative decision.  *United States v.*

*Brummett*, 2020 WL 1492763, at *2 (E.D. Ky. Mar. 27, 2020).  The BOP Administrative

Remedy Program provides:

> [a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the
> appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of
> the date the Warden signed the response. An inmate who is not satisfied with the
> Regional Director's response may submit an Appeal on the appropriate form (BP-11) to
> the General Counsel within 30 calendar days of the date the Regional Director signed the
> response. When the inmate demonstrates a valid reason for delay, these time limits may
> be extended. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a); *see also* B.O.P. Program Statement 5050.50 § 571.63 (citing the

Administrative Remedy Program appellate procedure as the proper method of administratively

appealing a denied § 3582(c)(1)(A) request).

In this case, Mr. Cassada has not demonstrated that he has exhausted his administrative

remedies.  The United States confirmed that Mr. Cassada filed a request for compassionate

release with the BOP on May 10, 2020.  [R. 56-1.]  Mr. Cassada states that he received no

response to his request.  [R. 54.]  However, the United States counsel contacted the BOP and

confirmed that Warden Hendrix denied Cassada's request on June 4—25 days after he filed his

request.  [R. 56-1.]  There is no indication or evidence that Defendant has appealed the denial of

his request for compassionate release, but instead he filed another motion for compassionate

release with this Court on August 14.  [R. 54.]  Consequently, based on the plain language of 18

3

U.S.C. § 3582(c)(1)(A), Cassada has not exhausted his administrative remedies. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020); *Haas*, 2020 WL 4593206, at *4.

Because the warden responded to Mr. Cassada's compassionate release request within the allotted thirty days, the "lapse of 30 days" provision now has no bearing on Mr. Cassada' case. Under § 3582(c)(1)(A), Mr. Cassada must now exhaust his administrative remedies before petitioning the courts for relief. Cassada has failed to make an appropriate request for compassionate release through the warden since he has not appealed the Warden's timely determination. Therefore, the Court cannot find that Cassada has exhausted his administrative rights. As a result, the Court does not have jurisdiction to consider the motion and it must be dismissed because he has not met § 3582(c)(1)(A)'s procedural requirements.

**B**

Regardless, even if the Court were to consider the substance of Defendant's compassionate release motion, it would fail on its merits. Section 3582 allows for modification of a term of imprisonment for "extraordinary or compelling reasons." 18 U.S.C. § 3582(c)(1)(A). The statute also requires a Court to consider any applicable policy statements from the Sentencing Commission. *Id.* On this issue, the Sentencing Commission has issued a policy statement that, in relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). Here, the United States argues, based on the second and third factors to be considered under U.S.S.G. § 1B1.13, that "even if Cassada could show the presence of an extraordinary or

4

compelling reasons, release would still be inappropriate in Cassada's case." [R. 56 at 3.]  The Court agrees.

Mr. Cassada has failed to show that he no longer poses a danger to this community if released.  In assessing dangerousness, the Court is to consider a variety of factors, as set forth in 18 U.S.C. § 3142: (1) "the nature and circumstances of the offense . . ., including whether the offense . . . involves . . . a controlled substance; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including . . . (A) the person's . . . past conduct . . . [and] criminal history"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* U.S.S.G. § 1B1.13(1)(b).  Each of these factors weigh heavily against Mr. Cassada's release.

First, the nature of Ms. Cassada's offense is particularly concerning.  To start, it involved a conspiracy to distribute methamphetamine and, so, it "involve[d] … a controlled substance." *See* 18 U.S.C. § 3142(g)(1).  And this was not a small, relatively harmless operation.  In relevant part, Mr. Cassada admitted to law enforcement that "he started selling drugs a year prior to the interview and that he made between 14 to 15 trips to Georgia to purschase up to ½ pound quantieis of meth which distributed to others in Pulaski County." [R. 56 at 4.]  In addition, law enforcement found five firearms, one of which was stolen, and $5,300 cash during a search of Cassada's residence. *Id*. at 3.

Second, the evidence against Mr. Cassada was strong, as he admitted to the alleged conduct.  18 U.S.C. § 3142(g)(2).  Third, Ms. Savage's history and characteristics also weigh in favor toward a finding of he is a danger to the community. 18 U.S.C. § 3142(g)(3) (relevant history and characteristics include "history relating to drug or alcohol abuse, criminal history" and "whether, at the time of the current offense or arrest, the person was on . . . release pending .

. . completion of a sentence").  The United States, citing to the PSR, notes that Mr. Cassada has

been convicted of DUI in two cases in 2007, possession of a controlled substance in the second

degree, alcohol intoxication, and possession of marijuana.  [R. 56 at 4.]  Finally, consideration of

the first three factors indicates that Mr. Cassada poses a concrete and substantial danger to the

community if released.  Specifically, his extended criminal history indicates he is at significant

risk of returning to his past behavior of drug trafficking—illegal conduct that clearly harms the

public.  *See* 18 U.S.C. § 3142(g)(4).

### III

Here, Cassada has not provided any indication that he has exhausted all of his

administrative rights to appeal the BOP's failure to bring a motion on his behalf.  Thus, the

mandatory condition is not met.  Regardless, because Cassada cannot show he is a not a danger if

released, he also fails to demonstrate that he is otherwise entitled to relief.  Accordingly, and the

Court being sufficiently advised, it is hereby **ORDERED** that Mr. Cassada's second Motion for

Compassionate Release [**R. 54**] is **DENIED**.

This the 31st day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge

6